UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MICHAEL ANGELO BURNETT,

    Plaintiff,      Case No. 2:10-cv-128

v.             Honorable Robert Holmes Bell

PATRICIA L. CARUSO, et al.,

    Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

  Plaintiff Michael Angelo Burnett, a prisoner incarcerated at Chippewa Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

  The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's

request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process,

and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the court entered dismissals on the grounds that they were frivolous, malicious and/or failed to state a claim. *See Burnett v. Caruso, et al.*, No. 2:09-cv-180 (W.D. Mich., Oct. 8, 2009); *Burnett v. Hill, et al.*, No. 2:09-cv-39 (W.D. Mich., Mar. 6, 2009); *Burnett v. Caruso, et al.*, No. 2:08-cv-168 (W.D. Mich., Jan. 5, 2009). Moreover, Plaintiff's allegations do not fall within the exception to the three strikes rule, because he does not allege any facts establishing that he is under imminent danger of serious physical injury.

In this case, Plaintiff alleges that between August 29, 2007, and the present "prison officials" have applied the MDOC "use of force policy directives maliciously and sadistically to cause [Plaintiff] harm." As a result, Plaintiff claims that he is now nearsighted, with a fifty percent vision loss in the right eye and twenty-five percent vision loss in the left eye. The court notes that Plaintiff's conclusory assertions are unsupported by any specific factual allegations regarding the manner in which he was allegedly assaulted, the exact dates of the alleged assaults, or even a description of the alleged assailants. In addition, allegations that a prisoner has faced imminent danger in the past are insufficient to trigger the exception under § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); accord *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) ("The plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his

suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP."). *See also Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) ("[T]he exception for claims concerning an 'imminent danger of serious physical injury' cannot be triggered solely by complaints of past abuse.")

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.


Dated: October 4, 2010                                /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                      UNITED STATES DISTRICT JUDGE


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
229 Federal Building
202 West Washington
Marquette, MI 49855

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**